_____

No. 95-3600

_____

Crystal Wilcox,                          *
                                         *
     Plaintiff-Appellee,                 *
                                         *  Appeal from the United States
     v.                                  *  District Court for the
                                         *  District of North Dakota.
Wal-Mart Stores, Inc.,                   *
                                         *     **[UNPUBLISHED]**
     Defendant-Appellant.                *

_____

Submitted:  June 14, 1996

Filed:  July 23, 1996

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____


PER CURIAM.


     Crystal Wilcox tripped over a metal sleeve that Wal-Mart Stores, Inc., negligently left protruding from the sidewalk outside its new store in Minot, North Dakota.  Wilcox suffered unusually severe injuries from the fall, requiring surgeries to fuse three vertebrae in her neck and to repair an injured knee.  She returned to her secretarial job immediately after the April 1991 accident, worked for some months before and after the neck surgery, but has not worked since March 1992.  After trial of her negligence claim against Wal-Mart in this diversity action, the jury found Wal-Mart one hundred percent at fault and awarded Wilcox $56,257.51 in past economic damages (medical expenses and lost wages), $135,089.50 in future economic damages (loss of future earning capacity), and $650,000 in non-economic damages (pain and suffering and permanent

physical impairment). The district court[1] denied Wal-Mart's motion for remittitur or a new trial and Wal-Mart appeals.

On appeal, Wal-Mart argues that it is entitled to a new trial on damages because the jury's award of future economic damages was based on nothing more than speculation as to the duration of Wilcox's work impairments, and because the award of $650,000 in non-economic damages is so excessive as to indicate passion or prejudice on the part of the jury. These contentions were explicitly considered and rejected by the district court when it denied Wal-Mart's post-trial motion. After carefully reviewing the record on appeal, we affirm for the reasons stated by the district court in its Memorandum and Order dated September 5, 1995. <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota.